UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANNIE MAE MILLSAPP,

        Plaintiff,

      v.                           Case No. 18-cv-1513-pp

GOVERNOR SCOTT WALKER, KAREN TAYLOR,
"JOANEY," EDWARD A. FLYNN,
WISCONSIN STATE DEPARTMENT OF HEALTH
AND FAMILY SERVICE, SHERIFF DEPARTMENT, and
MHD INTAKE DEPARTMENT,

        Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND DISMISSING AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(B)(6)**

---

On September 26, 2018, plaintiff Annie Mae Millsapp, representing herself, filed a complaint. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the $400 civil filing fee. Dkt. No. 2. Days later, the plaintiff filed an amended complaint. Dkt. No. 4. The clerk's office originally assigned the case to Magistrate Judge David E. Jones, but on December 19, 2018, it transferred the case to this court. Because the plaintiff has demonstrated that she can't pay the filing fee, the court will grant her motion for leave to proceed without prepayment. The court will dismiss the case without prejudice, however, because the plaintiff's amended complaint does not state a claim for which a federal court can grant relief.

**I.    Motion For Leave to Proceed Without Prepayment of the Filing Fee (Dkt. No. 2)**

The court may allow someone to proceed without prepayment of the filing fees if she meets two conditions: (1) she shows that she is unable to pay the filing fee; and (2) the case is not frivolous nor malicious, does not fail to state a claim on which relief may be granted, and does not seek monetary relief against a defendant that is immune from such relief. 28 U.S.C. §§1915(a)(and (e)(2).

    A.    <u>Plaintiff's Ability to Pay the Filing Fee</u>

The plaintiff states that she is unemployed and married. Dkt. No. 2 at 1. She has checked the box indicating that she is responsible for supporting dependants, but where the form asks the plaintiff to list the dependents, the plaintiff has written "N/A." <u>Id.</u> Under the "Income" section of the form, the plaintiff asserts that she has $725 a month in disability payments and "$139.00 State." <u>Id.</u> at 2. She lists her total monthly expenses as varying between $695 and $900, "depend[ing] if Scott Walker wants me Out[,]" and states that she has $20 in a bank account with PNC Bank. <u>Id.</u> at 3. She also owns a 1996 Crown Victoria valued at $200. <u>Id.</u> She says that she does not own any other property of value, but in the section for describing the value of property, she says, "Only properties that I didn't know until looking at register of Deeds that I have no knowledge of being in my name or my name was being used." <u>Id.</u> at 4. Based on the information in the plaintiff's affidavit, the court is satisfied that the plaintiff cannot pay the filing fee in this case.

B.    Screening

The plaintiff has shown that she isn't able to pay the filing fee, but the court must dismiss a complaint if a plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous where it "is based on an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; she only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). That said, a complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v.

3

Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). Rather, a complaint must contain sufficient factual matter, accepted as true, that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

C.    The Substance of the Plaintiff's Amended Complaint

Federal Rule of Civil Procedure 8(a)(2) states that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." There is a reason that the rule specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." U.S. *ex rel.* Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). The plaintiff cannot leave the court "to guess what claims [he] intends to assert against which defendants." Dunigan v. St. Clair Cty. Jail Med. Staff, No. 15-CV-487, 2015 WL 2455505, *2 (S.D. Ill. May 22, 2015).

The amended complaint lists several people and entities in the "defendants" section of the caption. She names "(Governor former County worker) Scott Walker, retire Karen Taylor (Joaney present employee, former Chief Edward A. Flynn, Wisconsin State Department of Health and Family Service, (Sheriff Department (Rape) MHD Intake Department)." Dkt. No. 4 at 1.

4

When later asked to list the defendant(s) in her case, the plaintiff named "Scott Walker (Gov)" as an employee of the Sheriff Department & MHD Intake Department. Dkt. No. 4 at 2.

In the first paragraph of the "Statement of Claims" section of the complaint, the plaintiff alleges that "Scott Walker (former County Worker)" withheld her child support payments for over a decade. Id. She asks for one million dollars per year for the years of 2001 to 2011. Id. The next paragraph alleges that Scott Walker "use[d] his employees to follow [her]" and gave money "from the City owned tree to those whom been using [her] name while [she] thought didn't exist due to Judge granting [her] back another name which was not [her] name either." Id. at 2. She further states that Scott Walker "order[ed] [her] death twice[.]" Id. at 3.

The plaintiff alleges that defendant Karen Taylor "constantly harassed" her for over a decade and asks for one million dollars per year. Id. at 3. The plaintiff does not explain who Karen Taylor is.

The plaintiff alleges that former police chief Edward Flynn "never did his job or let his employee police officers do their job about any violence that harm [her] such as being shot by Willie Whitehead Sr. once in the arm and the leg." Id. at 3. She alleges that she called the police about being beaten and her businesses being sabotaged and "trucks taken out of my yard." Id. at 3.

Finally, the plaintiff claims that "Sherriff and MHD Rap[ed] [her] and drugg[ed] [her] after saving the President of United States of America Barack Obama." Id.

The plaintiff also submitted several letters. Dkt. Nos. 3, 5 and 6. In the first letter, the plaintiff claims that police chief did not investigate "the theft of [her] Identity of over eight hundred million dollars was stolen from [her] inheritance of heirship rights[.]" Dkt. No. 3. The letter ends with a statement that the plaintiff has sent e-mails to President Donald Trump that "his assassin Scott Walker" is planning on killing the president. Id. at 4.

The plaintiff's second letter states:

> Bruce Rauner whom sent his employees after me to kill me for submitting Identity Report of my name. Kill my father Ed[] Robinson and brother Taylor Wright by Brenda Murray. Hillary Clinton sent Military to kill my family just as Scott Walker did to my mother Viola Wright Robinson and myself over the past several days and in June 2005 by City Owned Tree.

Dkt. No. 5 at 1. This letter also alleged that Richard J. Daley (presumably the former mayor of Chicago) changed her name and sent police officers to beat her mother and kill President Barak Obama. Id. at 2. This letter asks the court to warn President Donald Trump that the people she mentions in her complaint are trying to kill him "by something to drink so his heard defiberlate [sic] and they can say he not fit to run America." Id.

The plaintiff's final letter alleges that the City of Milwaukee deliberately jacked a tree out of the ground to hit her and her five-year-old son, an act which she alleges somehow related to a Social Security number relating to "thousands of morgages [sic] for over 20 year period." Dkt. No. 6. She also asks the court to warn President Trump that the tea party of Scott Walker is going to try to kill him. Id. She asks for two million dollars and for the court to order that the city rebuild her house. Id.

6

D. The Court's Analysis

The plaintiff has filed similar claims in this district. A case the plaintiff filed in 2016 was assigned to Judge J.P. Stadtmueller; he recounted how, in that case,

> Millsapp alleges that Internal Affairs violated her civil rights by forcing her to 'hide deceit of Inheritance of Heirship rights of 600,000,000.00.' (Docket #1 at 2). It further alleges that Milwaukee did not proceed with the identity theft; nor did Milwaukee do anything about detaining Millsapp's son at Children's Hospital. She also 'reported rape at the lock facility to Internal Affairs...and over one dozen of [her] trucks and cars were towed of said property...." (Docket #1 at 3)

Millsapp v. Unknown, *et al.*, Case No. 16-cv-1098-JPS, dkt. no. 4 at 2 (E.D. Wis. Sept. 29, 2016). In that case, Judge Stadtmueller dismissed the complaint because he found that it was "largely incoherent." Id.

In this case, the plaintiff has not stated claims for which this court may grant relief. While the first three paragraphs of the complaint name Scott Walker as the defendant, she accuses him of withholding child support (a claim that, even if it is true, belongs in state court, because state law governs child support); using his employees to follow her and giving money from the city-owned tree to people who had been using a name she thought didn't exist (a claim which the court does not understand, and at any rate, seems to involve the city, not Scott Walker); and twice ordering her death (a claim which, while the plaintiff appears to believe it, is incredible). Dkt. No. 4 at 2. The amended complaint continues with an allegation about someone named "Karen Taylor," but it does not explain who Karen Taylor is, why the plaintiff believes that Karen Taylor harassed the plaintiff, or how the plaintiff believes that Taylor

7

harassed her. Nor does it explain how Karen Taylor relates to the plaintiff's

claims against Scott Walker. The plaintiff's claims against Edward Flynn state

generally that he did not do his job, and did not let officers do their jobs, about

violence against her. The court isn't sure, but it appears that perhaps the

plaintiff is arguing that when she called the police to report crimes, they did

not help her. Even if this is true, the plaintiff has not identified specific police

officers, specific dates or times or locations. And again, these claims do not

appear to relate to the other claims in the complaint.

Finally she alleges that the sheriff—she does not say which sheriff, or

when—and the "MHD" (the Milwaukee Health Department?) raped and drugged

her after she saved President Barak Obama. Again she includes no dates or

times or specific names, and this claim, like her claim that Scott Walker

ordered her death, is incredible.

None of these claims—nor any of the allegations the plaintiff made in the

three letters she sent after filing the complaint—state violations of a federal law

or a provision of the federal Constitution.

The plaintiff checked the box on the form complaint that specified that

she was suing the defendants for violations of *state* law. Federal courts have

jurisdiction—or authority—to decide state law claims only where (1) the

plaintiff and defendants are citizens of different states and (2) the amount in

controversy exceeds $75,000. 28 U.S.C. §1332. The plaintiff has not sufficiently

alleged either requirement. Her amended complaint states that she is a citizen

of Wisconsin and that defendant Scott Walker is a citizen of Wisconsin. Dkt.

No. 4 at 1. The plaintiff did not identify the citizenship of Karen Taylor or Edward Flynn. Without evidence that all the defendants live in states other than Wisconsin, this federal court does not have jurisdiction over any state-law claims.

The court understands that the plaintiff is in distress. But she has not alleged any claims for which a federal court can help her. For that reason, the court must dismiss the plaintiff's complaint.

## III.   CONCLUSION

The court **ORDERS** that the plaintiff's motion for leave to proceed without prepayment of the filing fee is **GRANTED.** Dkt. No. 2.

The court **ORDERS** that the plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Dated in Milwaukee, Wisconsin this 25th day of February, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**